# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEDRA R. WILLIAMS,** | )<br>) |
| **Plaintiff** | )<br>) |
| v. | ) Civil No. 14-971<br>) |
| **UPMC PRESBYTERIAN SHADYSIDE,** | )<br>) |
| **Defendant.** | ) |

## OPINION AND ORDER

This is a civil rights employment discrimination case in which Plaintiff, Nedra Williams, alleges that she was unlawfully terminated on the basis of her race and was retaliated against for complaining of race discrimination against Defendant UPMC Presbyterian Shadyside. On October 13, 2015, the parties attended a conference before the Court and came to an agreement to settle the case.

Defendant completed a Settlement agreement consistent with the settlement terms agreed to at the conference and on October 15, 2015 forwarded the agreement to counsel for Ms. Williams for her signature. In addition, Defendant requested that Ms. Williams execute and provide a Form W-9, Request for Taxpayer Identification Number and Certification. On October 22, 2015, Ms. Williams signed the Settlement Agreement, and also provided an executed and signed Form W-9. A representative on behalf of Defendant singed the Settlement Agreement on October 27, 2015. A settlement check dated October 28, 2015, was issued and mailed to Ms. Williams.

Following receipt of the settlement proceeds, Ms. Williams submitted a letter and supporting material to the Court, which we viewed as a Motion to Dissolve Settlement (ECF No.

35). Defendant has responded to the Motion and we have received an additional letter from Ms. Williams, which we consider a reply to Defendant's Response.

In short, Ms. Williams is dissatisfied with the settlement amount she received. In addition, she complains that the amount she actually received is less than she expected due to taxes withheld by Defendant.

"'Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts.'" Hordych v. Borough of N. E., 2010 WL 4394055, at *1 (W.D. Pa. Oct. 29, 2010) quoting D.R. by M.R. v. East Brunswick Bd. of Educ., 109 F.3d 896, 901 (3d Cir.1997). Settlement agreements are voluntary contracts "and are construed according to traditional precepts of contact construction." In re Columbia Gas System Inc., 50 F.3d 233, 238 (3d Cir. 1995). "The United States Court of Appeals for the Third Circuit has made clear that '[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing.'" Hordych, 2010 WL 4394055, at *1, quoting Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir.1970) .

The parties here voluntarily entered into a settlement agreement in the presence of the Court with the relevant terms being placed on the record. Thereafter, Defendant drafted a written settlement agreement containing detailed terms for Ms. Williams and her attorney to review. Counsel for Ms. Williams states that the "settlement agreement accurately reflected the settlement put on the record before the Court." ECF No. 37. This agreement was signed by both parties, Ms. Williams executed a signed Form W-9, and Defendant drafted and delivered the appropriate checks in accordance with the agreement. We have no hesitation in finding that the parties entered into a binding agreement, and see no lawful reason to dissolve the agreement.

We understand that Ms. Williams is unhappy with the settlement amount she received. Specifically, she complains that the settlement amount was in the form of a paycheck, and was less than the amount stated at the settlement conference due to taxes being taken out. The parties did discuss at the conference the fact that appropriate taxes would be deducted from the settlement amount. Moreover, the written settlement agreement specifically discussed the fact that the settlement amount would be subject to legally required deductions and withholdings and that Ms. Williams would be issued a Form W-2.

Ms. Williams also suggests that she was forced into the settlement agreement against her will. We see no evidence that she was forced into this settlement agreement. Significantly, she had the opportunity to review the terms and conditions of the written settlement agreement after the parties had orally agreed to settlement and signed the written agreement indicating her intention to be legally bound by the agreement.

Accordingly, we will deny Ms. Williams' Motion to Dissolve the Settlement Agreement. The following Order is hereby entered.

AND NOW, to-wit, this 4th day of February, 2016, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Dissolve Settlement be and hereby is DENIED.

The Clerk of Court shall mark this case CLOSED.

                                                        */s/ Maurice B. Cohill, Jr.*
                                                        Maurice B. Cohill, Jr.
                                                        Senior United States District Judge

cc: counsel of record

NEDRA R. WILLIAMS
226 East End Avenue
Pittsburgh, PA 15221